95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Virginia L. STOCKER and William L. Perry, Appellants,
v.
GENERAL CONFERENCE CORPORATION OF SEVENTH DAY ADVENTIST, Appellee.
 No. 96-1355.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The General Conference Corporation of Seventh-Day Adventists moves to dismiss Virginia L. Stocker et al.'s appeal. Stocker has not responded. The General Conference submits a supplemental motion to dismiss.
 
 
 2
 Briefly, this case involves a cancellation proceeding initiated by Stocker before the United States Patent and Trademark Office, Trademark Trial and Appeal Board. See generally 37 C.F.R. § 2.111 et seq. On February 15, 1996, the Board dismissed Stocker's cancellation petitions. On April 15, 1996, Stocker filed a notice of appeal in this court. The notice of appeal, submitted by A. Anthony Hibbert, Chairman of the Executive Council, General Association of Davidian Seventh-Day Adventists, is addressed to this court and it appears from the notice of appeal that Hibbert did not serve the General Conference or file the notice with the Patent and Trademark Office. It is unclear why the notice of appeal was not filed by one of the appellants. On May 20, 1996, the Commissioner of Patent and Trademarks filed written notice with this court advising that "no notice of appeal was filed in the Patent and Trademark Office in connection with the above-identified cancellations as required by 15 U.S.C. § 1071(a)(2) and Federal Circuit Rule 15(a)(1)." Copies of that notice were sent to the parties.
 
 
 3
 Under 15 U.S.C. § 1071(a)(1) and (b)(1), a party to a cancellation proceeding dissatisfied with a decision of the Board may either appeal to this court or initiate a civil action. Section 1071(a)(2) provides:
 
 
 4
 When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file in the Patent and Trademark Office a written notice of appeal directed to the Commissioner, within such time after the date of the decision from which the appeal is taken as the Commissioner prescribes, but in no case less than 60 days after that date.
 
 
 5
 (Emphasis added.) In seeking review of a Board determination in a cancellation proceeding, the notice of appeal must be filed with the Patent and Trademark Office within two months of the date of the decision for which review is sought. 37 C.F.R. § 2.145(d). Filing a notice of appeal is accomplished by giving written notice to the Commissioner, filing three copies of the notice with this court (accompanied with the filing fee), and serving the opposing party. 37 C.F.R. §§ 2.119, 2.145(a) and (b); Fed.Cir.R. 15(a). Rule 15(a) also provides that the Commissioner "shall promptly advise the clerk of the timeliness of the notice." If the time for filing an appeal has expired before a notice of appeal is filed, the Commissioner has the authority to extend the time for seeking judicial review if the failure to timely file an appeal was the result of excusable neglect. 37 C.F.R. § 2.145(e).
 
 
 6
 The General Conference contends that Stocker's appeal should be dismissed because Stocker has neither complied with the statutory requirement that the notice of appeal be filed with the Patent and Trademark Office and because Stocker has not sought an extension of time to file a notice of appeal from the Commissioner. We note that Stocker has not filed an opposition to the motion to dismiss.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The General Conference's unopposed motion to dismiss is granted.
 
 
 9
 (2) Each side shall bear its own costs.